[No. 18220.   Department One.   November 8, 1923.]

DIKING AND DRAINAGE DISTRICT No. 1, IN LEWIS AND
THURSTON COUNTIES *et al., Respondents,* v. EASTERN
RAILWAY AND LUMBER COMPANY *et al., Appellants.*[1]

APPEAL (389)—AMENDMENTS REGARDED AS MADE. Where a con-
demnation proceeding had been tried as though certain property
had been included in the petition, the same will, on appeal, be con-
sidered as amended to include the property.

EMINENT DOMAIN—DAMAGES—MEASURE—LIMITED INTEREST.   In
eminent domain proceedings by a diking district for a right of way,
the petitioner may, at the trial, stipulate that it will not take full
title, but only an easement within prescribed limits, and such
stipulation fixes the measure of the damages.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered June 21, 1923, in
favor of the plaintiff, in condemnation proceedings.
Modified.

*C. D. Cunningham,* for appellants.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,*
for respondents.

HOLCOMB, J.—Diking and Drainage District No. 1, in
Lewis and Thurston counties,. this state, a public cor-
poration formed under the laws of the state of Wash-
ington relating to diking and drainage districts in two
or more counties, in October, 1922, filed a petition in
the superior court of Lewis county praying condemna-
tion of certain property to be used for drainage ditch
purposes.   Part of the property sought to be appro-
priated was property belonging to appellant, Eastern
Railway and Lumber Company, a corporation.   It is
claimed that the property here in controversy, which is
described in the findings of fact and the decree in the
case, was not described in the petition for condemna-

[1]Reported in 219 Pac. 865.

tion, and that no order of necessity for the taking of the same was ever entered, and that therefore the court had no jurisdiction to enter an order of appropriation and fix the damages for the taking and injuriously affecting the same.

However that may be, the case was tried as if this property had been included in the petition for appropriation, condemnation and awarding damages, and the petition is to be deemed as amended according to the proof, and as described in the findings of fact and decree. For the purpose of this appeal the order of necessity is deemed amended to conform to the proof.

The lower court found the value of the land actually taken to be the sum of $5, allowed $1,000 for the cost of the construction of a bridge, and $100 for the upkeep of the abutments to the bridge, and entered a decree of appropriation and awarded damages, after a trial before the court without a jury, accordingly.

The right-of-way for the ditch of respondents is a strip of land seventy feet in width, but the court found upon the proof that respondent would construct a ditch twenty feet in width at the top, seven feet in depth, with a slope of one to one, on the westerly twenty feet of the right-of-way taken. The court also found that a bridge twenty-eight feet in length is sufficient in size to span the proposed ditch across appellant's right-of-way, which ditch crosses appellant's right-of-way somewhat diagonally. The court further found that the district, by its officers and attorneys, stipulated in open court that they were not to have full right and title to such right-of-way, but only an easement over and across the same within the limits described, for the purpose of constructing and maintaining such drainage system, and for the purpose of widening and deepening the same, and that the defendant company might use such right-of-way so long as such use did not interfere

with the right-of-way of respondent, the drainage district.

Appellant vigorously contends that it was not allowed sufficient compensation and damages for the taking and damaging of its property. It concedes that $5 is a sufficient allowance for the land actually taken, but contends that, because of the fact that the drainage district has a right-of-way seventy feet in width, appellant has no assurance that the ditch will not be widened from time to time, and that the structures of appellant will not be found from time to time to obstruct the drainage ditch, and appellant be required to remove such obstruction without compensation to it in the future.

The question of damage to appellant's property, we think, is eliminated by the declaration of counsel for the drainage district in open court, upon the submission of the cause in this court, as follows:

"That respondent now and hereafter disclaims any right to take or injuriously affect any more of the right-of-way of appellant than the twenty feet on the westerly side of the right-of-way appropriated by respondents where the drainage ditch is now located, and using part of the remainder of the land taken for a spoil bank for the earth excavated from the ditch."

That being the case, it is not denied by appellant that a bridge with a span of twenty-eight feet will be sufficient, and that the sum awarded as damages for the construction thereof would be sufficient to cover the cost, and that $100 would be sufficient for the protection of the abutments.

It is therefore ordered that the decree be modified to include the declaration of disclaimer above set forth, and no other or further relief will be granted.

Neither party will recover costs on appeal.

Main, C. J., Tolman, Parker, and Mackintosh, JJ., concur.